# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO POSADAS ESQUIVEL,<br><br>    Petitioner,<br><br>  v.<br><br>THOMAS GILES, et al.,<br><br>    Respondents. | CASE NO. 5:26-cv-2888-SK<br><br>**ORDER GRANTING HABEAS PETITION** |

On May 27, 2026, petitioner filed a counseled petition under 28 U.S.C. § 2241 seeking either immediate release or, in the alternative, a bond hearing where the government must bear the burden of proof by clear and convincing evidence to justify petitioner's detention.  (ECF 1 at 15). Respondents "are not presenting an opposition argument with respect to Petitioner receiving a bond hearing at this time" and maintain that "no more filings or proceedings will be necessary in this matter."  (ECF 7 at 2). Petitioner has filed no timely reply to the government's answer.

This court can "decide only [the] questions presented by the parties." *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020).  Here, petitioner has not opposed respondents' concession to his alternative form of requested relief—a bond hearing.  Any "points not argued will not be considered."  *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026).  At the same time, respondents have not opposed petitioner's

request that, at a bond hearing, the government be made to justify petitioner's detention by clear and convincing evidence. Thus, they have waived any challenge to that request. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017).

* * *

For these reasons, the petition under 28 U.S.C. § 2241 is GRANTED. Within 7 days of this order, respondents are ORDERED to release petitioner, unless he is provided with an individualized bond hearing at which the government must prove by clear and convincing evidence that petitioner should be detained pending removal proceedings.

To satisfy that condition, the immigration judge must exercise her discretion to make an individualized determination whether petitioner should be detained based on all relevant facts—including criminal history, immigration history, manner of entry, length of residence, family ties, employment, community connections, compliance with prior orders, and eligibility for relief from removal. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge must also provide a statement of reasons, orally or in writing, for her decision. *See* 8 C.F.R. § 1003.19(f). Those reasons must be adequate to permit meaningful review by the BIA (or any other reviewing body) if an appeal is taken by either party. *See* 8 C.F.R. § 1003.38.

The parties must file a joint status report within 48 hours of petitioner's release or compliance with this conditional writ.

IT IS SO ORDERED.

DATED: June 12, 2026

HON. STEVE KIM
United States Magistrate Judge

2